UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:07CR196 HEA |
| ARTHUR L. IVY, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 40], of United States Magistrate Judge Lewis M. Blanton, pursuant to 28 U.S.C. § 636(b), in which Judge Blanton recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 18], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recording of the hearing held on February 7, 2008.

## Discussion

Defendant objects to Judge Blanton's Report and Recommendation for the reasons detailed in his Motion to Suppress Evidence. Specifically, Defendant believes that any and all information alleged to have been provided by an anonymous source, as referenced in paragraphs 6 and 7 of the affidavit submitted in support of the search warrant in this matter was improperly included in the affidavit and should not have been considered by Judge Gary Kamp. From this, Defendant argues that in the absence of the improperly included information, the remaining facts alleged in the affidavit are insufficient on their face to warrant a finding of probable cause. Defendant further contends that even if improperly included information is considered, the affidavit was insufficient on its face to warrant a finding of probable cause. Finally, Defendant argues that the officers who executed the search and seizure involving the buccal swabs did not act in reasonable reliance upon the authority of the issuing judge, in that the police officers themselves included the improper information attributed to the anonymous source within the body of the affidavit, which in turn led to the issuance of a tainted search warrant.

Defendant's arguments, and therefore his objections, are unfounded. Defendant does not dispute the facts as presented through the evidence at the hearing. Rather, Defendant disputes the use of an anonymous source for

information contained in the affidavit in support of the search warrant.

Judge Blanton's Report and Recommendation correctly sets forth the applicable law with respect to the anonymous source:

> [i]n an unquestionably honest citizen comes forward with a report of criminal activity-which if fabricated would subject him to criminal liability-we have found rigorous scrutiny of the basis of his knowledge unnecessary. *Adams v. Williams, supra.* Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case.

*Illinois v. Gates*, 462 U.S. 213, 233-34 (1983). Officer Zajicek testified that the anonymous source approached him and volunteered that he had observed a person drop a bag in the middle of the back yard of 907 S. Ellis while running from the police. The source also told Officer Zajicek that he saw the person who was running from the police drop a gun by the fence near the front of the garage at 917 S. Ellis, which is right next door to 907 S. Ellis and that the man the officers were chasing ran into the residence at 907 S. Ellis.

The information provided by the anonymous source falls squarely within the perimeters of *Gates*. The source approached Officer Zajicek voluntarily; he provided explicit and detailed information regarding his firsthand observation of defendant. The information he provided was completely accurate. Defendant's speculation regarding the veracity of Officer Zajicek's testimony is unsupported by

any evidence in the record. Under the applicable law, there is no basis upon which the information should be excluded from inclusion in the affidavit in support of the search warrant. See *United States v. Jackson,* 898 F.2d 79 (8th Cir. 1990) and *United States v. Robertson*, 39 F.3d 891 (8th Cir. 1994). Defendant's motion to exclude this information in the affidavit is denied.

Likewise, Defendant's argument that the affidavit as a whole is insufficient to provide probable cause for the issuance of the warrant is without merit. The facts upon which the search warrant was issued support a finding of probable cause for its issuance. Probable cause means a "fair probability that . . . evidence of a crime will be found in a particular place," given the circumstances set forth in the affidavit. *United States v. Horn,* 187 F.3d 781, 785 (8th Cir. 1999) (*citing Illinois v. Gates,* 462 U.S. 213, 238 (1983)). When reviewing the legal sufficiency of the basis for the issuance of a search warrant, the Court must determine whether the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the warrant. *United States v. Luloff,* 15 F.3d 763, 768 (8th Cir. 1994). There must be a fair probability, based on the totality of circumstances described in the officer's affidavit, and the veracity and basis of knowledge of the persons supplying hearsay information, that contraband or evidence of a crime will be found in a particular place. *United States v. Coleman,* 349 F.3d 1077, 1083 (8th Cir.

2003).

As Judge Blanton thoroughly discussed, Officer Zajicek stated under oath very detailed information regarding his background and his beliefs, based on his experience. Further, Officer Zajicek detailed the events which gave rise to his belief that Defendant was involved in criminal activity. Combined with the information provided by the anonymous source, it is more than reasonable to conclude that probable cause existed. Moreover, this Court completely agrees with Judge Blanton that Defendant has failed to make a substantial preliminary showing that a false statement was included by the affiant. There is absolutely no evidence or basis whatsoever to surmise that a false statement had been knowingly and intentionally made or made with reckless disregard for the truth, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) made.

Finally, Defendant argues that the search cannot be justified by Officer Zajicek's reliance on the issuing judge's finding of probable cause because Officer Zajicek himself presented the search warrant application which included the information provided by the anonymous source, and because it was Officer Zajicek himself who executed the search warrant by obtaining the buccal swabs from Defendant. Defendants arguments fail for the simple reason that the inclusion of the anonymous source's information was proper, as discussed *supra*, and because

Defendant has failed to demonstrate that Officer Zajicek's reliance on the warrant was unreasonable.  See, *United States v. Leon*, 468 U.S. 897 (1984)(denoting instances wherein reliance on a search warrant is unreasonable.)

## Conclusion

Having conducted a *de novo* review of the Motion and the record before the court, Defendant's objections are overruled.  The Report and Recommendation contains a very thorough analysis of the facts and applicable law.  The Court, therefore will adopt Judge Blanton's Recommendation.

Accordingly,

**IT IS  ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 18], is denied.

Dated this 11th day of June, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE